O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VILLARREAL,<br><br>          Plaintiff,<br><br>     v.<br><br>CENTRAL FREIGHT LINES, INC.; and DOES 1-10,<br><br>          Defendants. | Case No.: 2:17-CV-05496-ODW-AGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]** |

## I.     INTRODUCTION

Before the Court is Plaintiff Raul Villarreal's Motion to Remand. (Mot., ECF No. 11.) Defendant Central Freight Lines, Inc. has failed to meet its burden to show that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. Therefore, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the appropriate state court.[1]

## II.     FACTUAL BACKGROUND

Villarreal worked as a truck driver for Central Freight from August 8, 2014 to April 30, 2015. (Not. of Claims ¶ 10, ECF No. 1-7.) On July 8, 2015, Villarreal filed a complaint with the Labor Commissioner alleging that (1) Central Freight violated

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

1

California Labor Code section 221 by making unlawful deductions from his wages and (2) he is entitled to waiting time penalties under California Labor Code section 203. (Labor Comm'r Compl. 1, ECF No. 1-3.)[2]

On October 12, 2016, the Labor Commissioner awarded Villarreal $54,058.99 in improperly deducted wages, $12,119.40 in waiting time penalties, and $7,864.48 in accrued interest—equaling a total of $74,042.87. (Order, Decision or Award of the Labor Comm'r, ECF No. 1-4.) On October 27, 2016, Central Freight filed a Notice of Appeal of the Labor Commissioner's Decision in the California Superior Court, County of Los Angeles. (Not. of Appeal, ECF No. 1-5.) On November 18, 2016, Villarreal filed a Notice of Claims, adding four additional causes of action to those previously alleged before the Labor Commissioner: (1) failure to provide a legally compliant paycheck stub under California Labor Code section 226; (2) failure to pay rest period premiums under California Labor Code section 227; (3) failure to pay rest periods under California Labor Code section 226.2; and (4) failure to pay minimum wages under California Labor Code section 1194. (Not. of Claims ¶¶ 22–62, ECF No. 1-7.)

On November 23, 2016, Central Freight removed the case to federal court. (First Not. of Removal, ECF No. 1-8.) Villarreal moved to remand, and on February 13, 2017, the Court remanded the case back to Superior Court due to Central Freight's failure to prove an amount in controversy exceeding $75,000, finding that the amount in controversy at the time of removal was only $74,563.49. (Mot. to Remand, ECF No. 1-9; Order ("Previous Remand Order"),[3] ECF No. 1-10.)

Central Freight claims that during Villarreal's deposition on July 6, 2017, Villarreal testified that he worked at least 116 unpaid hours. (Opp'n 3, ECF No. 12.)

---

[2] Villarreal also asked for liquidated damages in his administrative complaint but withdrew that claim before the Labor Commissioner heard his case. (Labor Comm'r Compl. 1; Order, Decision or Award of the Labor Comm'r 1, ECF No. 1-4.)

[3] *Villarreal v. Cent. Freight Lines, Inc.*, No. 216CV08747ODWAGR, 2017 WL 656726 (C.D. Cal. Feb. 13, 2017) (order granting motion to remand).

Central Freight removed this action a second time on July 25, 2017, citing the new evidence from Villarreal's deposition as support for its contention that the amount in controversy exceeds $75,000. (Second Not. of Removal, ECF No. 1.) Villarreal moved to remand on September 7, 2017. (Mot., ECF No. 11.) Central Freight opposed Villarreal's Motion to Remand on September 25, 2017. (Opp'n, ECF No. 12.) Villarreal then submitted his Reply on October 2, 2017. (Reply, ECF No. 13.)

In the Previous Remand Order, the Court held that Central Freight had not calculated a value for Villarreal's cause of action for failure to pay minimum wages and as a result, the Court did "not credit any additional monies [for that claim] . . . towards the amount in controversy." (Previous Remand Order 6.) Central Freight now asserts that because Villarreal alleges he was not paid wages for at least 116 hours, and the minimum wage at the time was $9 per hour, Villarreal's minimum wages claim adds $1,044 to the amount in controversy.[4] (Opp'n 4.) Further, Central Freight claims that Villarreal has incurred an additional $2,000 in attorneys' fees since the first removal, for a total of at least $3,700. (*Id.*) All of Central Freight's other estimated amounts for Villarreal's causes of action are the same as the calculations discussed in the Previous Remand Order.[5] (Opp'n 3–5.) Central Freight claims that the amount in controversy is now $78,651.49 based on the information discovered in Villarreal's deposition and the additional attorneys' fees incurred by Villarreal. (*Id.*)

---

[4] Central Freight argues that $2,088 should be added to calculation of the amount in controversy because Villarreal seeks "liquidated damages in an amount equal to the minimum wage" value, so the total sum of minimum wages sought should be doubled. (Opp'n 4.) Villarreal, however, withdrew that claim before the Labor Commissioner heard his case. (Order, Decision or Award of the Labor Comm'r 1.)

[5] In its Second Notice of Removal, Central Freight calculated a figure of $5,452.52 for Villarreal's claim for failure to pay rest period premiums, using the assumption that Villarreal worked eight hours per day. (Second Not. of Removal ¶ 27.) However, in its Opposition, Central Freight changed its position and calculated an amount of $3,115.80—the same figure the Court calculated in the Previous Remand Order—by assuming Villarreal worked fourteen hours per day. (Previous Order 4–5; Opp'n 4.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

In evaluating a motion to remand, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In other words, there is a "strong presumption against removal" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

The defendant has the burden of establishing that removal is proper, including that the amount in controversy requirement is met. *See id.*; *see also Piazza v. EMPI, Inc.*, No. 1:07-CV-00954-OWWGSA, 2008 WL 590494, at *14 (E.D. Cal. Feb. 29, 2008); *Moye v. Wal-Mart Stores, Inc.*, No. 215CV00161RFBVCF, 2016 WL 1298715, at *4 (D. Nev. Mar. 31, 2016). The defendant's burden of proof as to the amount in controversy is generally satisfied "if the plaintiff claims a sum greater than the jurisdictional requirement" in the complaint. *Gaus*, 980 F.2d at 566. However, if it is unclear on the face of the complaint whether the amount in controversy requirement is met, then "the defendant bears the burden of actually proving the facts to support jurisdiction" "by a preponderance of evidence." *Id.* at 566–67 (citing *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990)); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

///
///
///
///

## IV. DISCUSSION

### A. Aggregation of Claims

To support this second attempt at removal, Central Freight aggregates the estimated value for each of Villarreal's causes of action. (Opp'n 3–5.) Villarreal argues, however, that the Court should not aggregate claims arising from alternative bases of recovery to determine the amount in controversy. (Mot. 3.)

"The amount in controversy requirement is satisfied if either party can gain or lose the jurisdictional amount . . . ." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). In other words, only the maximum value of recovery—determined from the face of plaintiff's complaint—should be credited towards the amount in controversy. (*See generally id.*) If a plaintiff's "claims are alternative bases of recovery for the same harm under state law . . . a court should not aggregate the claims to arrive at the amount in controversy." *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997); *see also Coles v. Oard*, No. CIV. 05-219-HA, 2005 WL 2030830, at *6 (D. Or. Aug. 23, 2005) (holding that a plaintiff cannot "aggregate claims that are redundant—that is, where there can only be one recovery.").

Villarreal contends that his "theories of recovery and his claims for unlawful deductions are alternative in nature." (Mot. 5.) If Villarreal succeeds on his unlawful deduction claim, he will be made whole for the wages from a pay period during which he received less than the minimum wage. (Not. of Claims ¶ 35.) Therefore, Villarreal's claims for unlawful deductions and unpaid minimum wages are redundant in that they seek to recover the same unpaid wages. Because Villarreal's claims cannot result in double recovery, the Court will not aggregate the values for these causes of action. Therefore, the Court will not credit $1,044 for the minimum wages claim towards the amount in controversy.

### B. Successive Removal

Villarreal claims that Central Freight's successive removal is improper, because Central Freight has not presented a new or different ground for removal. (Mot. 5.) "A

5

successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleading or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). "New evidence discovered in a deposition may be grounds for a successive removal." *Lockhart v. Columbia Sportswear Co.*, No. 515CV026340DWPLAX, 2016 WL 2743481, at *3 n.3 (C.D. Cal. May 11, 2016); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (defendant was allowed to file successive removals due to newly acquired facts from a deposition).

Central Freight claims that it was during Villarreal's deposition when he first made the claim that he worked a total of 116 unpaid hours between November 2014 and April 2015. (*See* Villarreal Dep. Tr. 106–10, ECF No. 1-11; Opp'n 3.) Prior to the deposition, Villarreal only alleged he performed "substantial work" during the relevant pay periods. (Not. of Claims ¶ 32.) Although the deposition elicited new evidence, this new evidence only speaks to the potential value of the minimum wages claim and, as noted above, the minimum wages claim is an alternative theory of recovery to the unlawful deductions claim. As a result, the newly discovered information of Villarreal's estimated 116 hours of unpaid work does not present a new ground for removal.

### C. Attorneys' Fees

Central Freight argues that Villarreal's attorneys' fees should be considered in determining the amount in controversy. (Opp'n 4.) Courts are to examine the amount in controversy "at the time of removal." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Statutorily authorized attorneys' fees may typically be credited toward the amount in controversy. *See Camarreri v. Phillips 66 Co.*, No. CV 17-0202 FMO (JCX), 2017 WL 436386, at *3 (C.D. Cal. Jan. 31, 2017) (citing *Lowdermilk v.*

*U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds as recognized by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 976–77 (9th Cir. 2013)).

At the time of the first removal, Villarreal had incurred $1,700 in attorneys' fees, which the Court considered in determining the relevant jurisdictional amount. (Previous Remand Order 6–7.) Central Freight asserts that Villarreal has since incurred an additional $2,000 in attorneys' fees that should be credited in the amount in controversy calculation. (Opp'n 4.) The Court declines to consider the additional attorneys' fees incurred between the first and second removal. If parties were allowed to file successive removals on the basis of increased attorneys' fees alone, any party could simply wait out the clock for the plaintiff to incur additional attorneys' fees in state court until the amount in controversy is met. Allowing such conduct would contradict the policy to "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. Therefore, the Court will not credit the additional $2,000 of Villarreal's attorneys' fees towards the amount in controversy.

For the foregoing reasons, Central Freight has failed to establish, by a preponderance of the evidence, an amount in controversy exceeding $75,000. *See generally Guglielmino*, 506 F.3d at 701.[6]

///
///
///
///
///
///
///

---

[6] Villarreal claims that Central Freight's appeal was not a matter that could have been originally filed in federal court because "any appeal from a decision by the Labor Commissioner must be filed in state court." (Mot. 9.) Because Central Freight has not met its burden for removal regarding the amount in controversy, the Court declines to address this argument.

///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand. The Clerk of the Court shall close this case and **REMAND** it back to the County of Los Angeles Superior Court.

**IT IS SO ORDERED.**

October 10, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**